UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CLARENCE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:21-CV-211 |
| ) | |
| JOE BIDEN, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff Clarence Johnson has filed a Civil Complaint (ECF No. 1) and a Motion to Proceed *in Forma Pauperis* (ECF No. 2).

**A.   IFP Status**

Because it appears that Plaintiff qualifies to proceed without the pre-payment of filing fees, his Motion to Proceed *in Forma Pauperis* is GRANTED. While *in forma pauperis* status allows a plaintiff to proceed without pre-payment of the filing fee, Plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (in forma pauperis litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 WL 3636968, at *5 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, at *12 (E.D. Wis. Aug. 12, 2015) (same). No payment is due currently; however, the full filing fee balance remains owing.

**B.    Screening**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Plaintiff states no facts whatsoever in his Complaint form. Instead, Plaintiff re-lists the Defendants, includes legal-ish words like "default judgment" and "corruption," and lists contact information for an FBI agent and the Cochran Law Firm. It should go without saying that Plaintiff has failed to meet even the low burden imposed by Rule 12(b)(6).

This leaves the question of whether Plaintiff should be given the right to replead. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [in forma pauperis] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to

be heard to clarify, contest, or simply request leave to amend."). While the Court is generally inclined to give *pro se* plaintiffs considerable leeway, and nearly always grants at least one opportunity to amend, the Court sees no reason to do so here. Plaintiff seeks to sue a who's who list of individuals, none of whom the Court has personal jurisdiction over. This list includes current and former presidents Biden, Trump, and Obama, Dr. Anthony Faucci, the Centers for Disease Control, the American Medical Association, the Queen of England, the United Nations, and COVID-19. In a cliffhanger, the Plaintiff has inserted an "et al." at the end of his list of Defendants, indicating that even more prominent individuals and diseases may have caused his unexplained damages. But whatever those damages may be, the Court can conceive of no circumstances under which it could adjudicate a dispute between a Chicago resident (that's right, Plaintiff doesn't even reside in the Northern District of Indiana) and heads of state, federal entities, and microorganisms. Accordingly, there is no reason to permit any further filings, and the Complaint will be dismissed with prejudice.

**C.     Conclusion**

For the foregoing reasons, Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 2) is GRANTED. Plaintiff's Civil Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

SO ORDERED on June 3, 2021.

                                              s/ Holly A. Brady
                                             JUDGE HOLLY A. BRADY
                                             UNITED STATES DISTRICT COURT